Francisco **SCHULTHESS**

v.

**The UNITED STATES.**

No. 677–82C.

United States Claims Court.

July 13, 1983.

---

Dennis Schary, San Francisco, Cal., for plaintiff.

Lynn Bush Ferguson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MEROW, Judge:

This case comes before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 2501. For the reasons given below, this court grants defendant's motion.

### Background

Plaintiff's complaint sets forth the facts necessary to a resolution of this matter, which facts are not contested by defendant for the purposes of resolving its motion to dismiss.

Plaintiff was born in the Philippines on August 26, 1914. In 1934 plaintiff became an alien civilian employee of the United States in the Philippines and continued to be employed by various United States government agencies until his retirement in 1968.

In 1950, during security proceedings, plaintiff became aware that his father was an American citizen at the time of plaintiff's birth.

Plaintiff sought, in 1950, the same relief he seeks before this court—that his salary be adjusted upward to the wage scale applicable to United States citizen employees. The State Department refused the adjustment at that time because a marriage certificate was considered insufficient proof of citizenship. Plaintiff asserts he made efforts to verify his citizenship but was unsuccessful until he encountered a previously unknown relative in 1974. The relative gave him enough facts so that he ultimately obtained a certificate of United States citizenship on April 8, 1976.

Plaintiff then filed a claim for back pay with the General Accounting Office which, in 1978, denied his claim as untimely. 31 U.S.C. § 71a.[1] This denial led to litigation filed in the United States District Court for the Northern District of California which culminated in a transfer of this litigation to this court on December 27, 1982.

### Discussion

This court lacks jurisdiction over claims which first accrued more than six years prior to the date of filing. 28 U.S.C. § 2501.

Two exceptions to this rule, as stated in *Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 373 F.2d 356 (1967), are: 1) the claim was "inherently unknowable"; or, 2) "defendant has concealed its acts with the result that plaintiff was unaware of their existence." 178 Ct.Cl. at 634, 373 F.2d at 358–59.

Plaintiff does not contend that his cause of action was "inherently unknowable" since he attempted to prosecute it in 1950. He does allege that the United States concealed his father's citizenship by not informing him of the best place to discover the true facts.

The actions of the United States as alleged do not constitute concealment. In

---

1. Absent a resulting determination favorable to plaintiff, filing the claim with the Comptroller General had no bearing on the running of the six-year statute of limitations applicable to suits in this court (or its predecessor, the United States Court of Claims). *See Marr v. United States,* 123 Ct.Cl. 474, 106 F.Supp. 204 (1952), *cert. denied,* 345 U.S. 956, 73 S.Ct. 937, 97 L.Ed. 1377 (1953).

*Japanese War Notes Claimants Ass'n.,* supra, the court stated:

> [I]t is not necessary that plaintiff obtain a thorough understanding of all the facts to halt the suspension [of the statute of limitations by concealment]. Defendant is not required to wait until plaintiff has started substantiating its claims by the discovery of evidence. Once plaintiff is on inquiry that it has a potential claim, the statute can start to run.

*Id.* at 634–35, 373 F.2d at 359.

Plaintiff was aware of his cause of action in 1950. As was said in *Braude v. United States,* 218 Ct.Cl. 270, 585 F.2d 1049 (1978):

> [He] could have filed [his] suit here and availed [himself] of the broad discovery powers afforded by this court to its litigants, and thereby have acquired the same evidence to prove [his] claim within the time allowed by the statute of limitations.

*Id.* at 278, 585 F.2d at 1045.

Plaintiff's failure to file suit timely mandates the dismissal of this action for lack of jurisdiction.

### Conclusion

For the foregoing reasons, defendant's motion to dismiss is allowed and plaintiff's first amended complaint shall be dismissed for lack of jurisdiction.